Samuel M. Gold, J.
Plaintiff moves for a temporary injunction restraining the defendant from enforcing the order of February 3,1960 and from proceeding with disciplinary charges against the plaintiff based upon disobedience of that order. The defendant cross-moves for dismissal of the complaint for legal insufficiency.
It is alleged in the complaint that the plaintiff is a duly appointed correction officer and is accordingly a peace officer pursuant to section 154 of the Code of Criminal Procedure, and *187 pursuant to paragraph (b) of subdivision 13 of section 1897 of the Penal Law is not required to have a license to possess a revolver or firearms. Pursuant to approval under rule 5.63 of the Department of Correction of the City of New York the plaintiff did purchase a .38 calibre Colt revolver. Plaintiff having been marked not qualified was ordered to surrender the revolver until such time as he had achieved qualified status and he was restricted in the use of the revolver to practice sessions and tries for qualification scores. He was thereafter charged with failing to obey the order of surrender and faces a disciplinary hearing on that charge.
The statute requiring licensing does not apply to a peace officer who nevertheless has no absolute right to carry a revolver or firearms. The rules and regulations of the department govern the conduct of the correction officer as a peace officer, and he must yield to the conditions of his employment. The defendant’s administrative duty embraces the supervision of the members of the department and more particularly the conduct of a member who desires to carry a revolver, only by virtue of the department’s approval. Accordingly, in the circumstances set forth in the complaint the action of the defendant was not beyond power and the area of the discretion confided to her. Plaintiff relies on Matter of Natilson v. Hodson (264 App. Div. 384, 387, affd. 289 N. Y. 842). There the Appellate Division had stated: ‘ ‘ The commissioners may doubtless make reasonable rules for the efficient conduct of their departments. But such rules must relate to the administration, in this case, of social welfare functions and duties.” All of the actions complained of necessarily flow from the permission granted to the plaintiff to carry a revolver and are therefore embraced within the defendant’s administrative capacity. If, as plaintiff claims to show in his supporting affidavit, he was not given a proper test or the defendant otherwise failed to apply reasonable standards in the exercise of discretion, then his relief is not by way of plenary suit here but by a proceeding seeking a review of the action taken. The cross motion is granted and the petition is dismissed. Settle order.