■ In the Matter of ABRAHAM SALATA et al., Respondents, v. LELAND J. TOLMAN, as Director of Administration of the Courts of the First Judicial Department, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered December 10, 1970 in Queens County, which granted the petition in all respects. The appeal was transferred here, pursuant to CPLR 5711 by order of the Appellate Division, Second Department, entered February 16, 1971. Petitioners are Probation Officers in the Office of Probation of the City of New York who are assigned to the Criminal Court in Queens County. On or about June 9, 1970, respondent John A. Wallace, the Director of the Office of Probation, issued a written order (General Order No. 10–23), directing that " a proabtion officer shall not carry a firearm during duty hours, and shall not bring into or have such firearm in any court building, branch or facility of the Office of Probation ". Contending that as peace officers they have an absolute and unconditional right to possess and carry firearms (Code Crim. Pro., § 154, subd. 4, now CPL 1.20, subd. 33, par. [s]), petitioners commenced this proceeding under article 78 of the CPLR to enjoin the enforcement of the subject order upon the grounds that respondent Wallace acted in excess of his authority and contrary to law. The lower court held that petitioners do have a vested right to possess or carry firearms and that the promulgation of General Order No. 10–23 was not a valid exercise of power of the Director of Probation. This determination cannot be sustained. The relief sought in the petition is in the nature of prohibition, an extraordinary remedy only granted under limited circumstances (*Matter of Lee* v. *County Ct. of Erie County*, 27 N Y 2d 432; *Matter of Schuyler* v. *State Univ. of N. Y. at Albany*, 31 A D 2d 273, 274; *Matter of Hogan* v. *Court of Gen. Sessions of County of N. Y.*, 296 N. Y. 1, 8–9; *Matter of Blake* v. *Hogan*, 25 N Y 2d 747, 748). Peace officers are exempt from the criminal responsibility imposed by section 265.05 of the Penal Law for the possession of firearms without a license (Penal Law, § 265.20, subd. a, par. 1, cl. [a]), but this exemption cannot be construed as creating a vested right as suggested by petitioners. As employees of the Office of Probation, they are subject to and must abide by the rules and regulations resulting from the exercise of discretion of the respondents. (N. Y. Const., art. VI, § 28; Judiciary Law, §§ 214, 216; Executive Law, art. 12-A). A rule regulating the carrying of firearms while on duty is a proper and lawful exercise of the authority of respondents. Under the circumstances, a proceeding in the nature of prohibition will not lie to question the reasonableness of the subject rule. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Simons and Kane, JJ., concur.