■    In the Matter of HUMBERTO APONTE, as City Marshal of the City of New York, Individually and on Behalf of All City Marshals of the City of New York, Respondent, v DEPARTMENT OF INVESTIGATION OF THE CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County, entered June 13, 1975, *inter alia,* declaring null, void and without legal efficacy the opinion and determination of respondents that New York City Marshals are not peace officers within the intendment of CPL 1.20 (subd 33) and, therefore, cannot carry or possess a firearm without a license, unanimously reversed, on the law, without costs or disbursements, and said determination declared valid. Despite the historical role city marshals have played in this city, the dangers their jobs sometimes subject them to and their previous classification (Code Crim Pro, § 154), the Legislature has now deliberately excluded such officials from the current definition of "Peace officer" and refused to exempt them from the provisions of the Penal Law relating to criminal possession of firearms and other dangerous weapons. (CPL 1.20, subd 33; Penal Law, § 265.20, subd a, par 1, cl [a].) That such omission was not inadvertent is attested to by the failure of the Legislature in 1972 and 1973 to adopt bills specifically amending the law to include city marshals as peace officers (see Assembly Intro Nos. 9874, 9341 [1972]; Senate Intro Nos. 8021, 8966 [1972]; Assembly Intro No. 693 [1973]); a factor which we may take into account in interpreting the legislative intent. *(New York State Bankers Assn. v Albright,* 38 NY2d 430; *American Airlines v State Human Rights Appeal Bd.,* 50 AD2d 450.) Settle order on notice providing, *inter alia,* for a reasonable period for petitioner and other city marshals similarly situated to dispose of their firearms or obtain the necessary police department licenses. Concur—Murphy, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.