John T. Casey, J.
The petitioners have instituted a CPLR article 78 proceeding in the nature of prohibition wherein they seek a judgment prohibiting the Commissioner of the Department of Correctional Services of the State of New York from enforcing one of his directives.
Each petitioner is a correction officer employed by the Department of Correctional Services of the State of New York. On October 27, 1975, the Commissioner of the Department of Correctional Services issued a directive regulating the carrying of certain concealed firearms by off-duty peace officers. Under that directive, if a peace officer employed by the Department of Correctional Services desired to carry a privately owned concealed firearm the department required that such firearm be either of two specified types: a .38 Special, Smith and Wesson, model 10, 2 or 4-inch barrel; a .38 Colt Detective Special.* The directive also specified the type of ammunition to be used. Excluded from the directive were the possession and use of such firearms for hunting in accordance with the Environmental Conservation Law, target practice on certain property and for use in connection with military duties.
The petitioners claim that the directive is beyond the authority of the commissioner and illegally restricts the scope of the exemption contained in section 265.20 of the Penal Law. The respondents, in lieu of an answer, have interposed objections in point of law.
Section 265.20 contains statutory exemptions from those *532 sections of the Penal Law which provide criminal penalties for carrying or possessing certain weapons without a license. Section 265.20 (subd a, par 1, cl [a]) exempts "(a) Persons in the military service of the state of New York * * * members of the division of state police, and peace officers as defined in subdivision thirty-three of section 1.20 of the criminal procedure law”. The petitioners as correction officers are peace officers within GPL 1.20 (subd 33). The statutory exemption in section 265.20 (subd a, par 1, cl [a]), however, does not create a vested right in the petitioners to possess or carry firearms without a license. (Matter of Salata v Tolman, 38 AD2d 991; Triborough Bridge & Tunnel Auth. Sergeants & Lieutenants Benevolent Assn. v Cawley, 76 Misc 2d 930; Anemone v Kross, 23 Misc 2d 186.) The petitioners contend that those cases deal with the regulation of the carrying of firearms by peace officers while those officers are on duty and thus are distinguishable from the present case where the commissioner seeks to regulate the off-duty carrying and use of firearms by peace officers.
Although Salata (supra) and Triborough (supra) dealt with regulations affecting the on-duty use and possession of firearms by peace officers, they stand for a broader proposition. Where a person is seeking to take advantage of a statutory exemption granted to him because of the nature of his employment, i.e., in this case, peace officer, he cannot complain when the scope of exemption is limited by a regulation of his employer provided that the regulation is not arbitrary and capricious. The present directive is limited both as to the type of firearms and the circumstances under which the peace officers are restricted. Furthermore, the directive has a reasonable connection with the employment of the petitioners. Accordingly, the commissioner had the power to issue the directive and the directive as issued was not arbitrary or capricious.
I have considered the procedural arguments raised by the respondents and find them to be without merit.
The petition is dismissed.

 Initially, under the directive if a peace officer wanted to carry a different type of firearm he had to obtain permission from the commissioner. Subsequently, the commissioner rescinded that portion of the directive which permitted a peace officer to seek permission to carry a different firearm. As it now stands, off-duty peace officers may carry only the two types of firearms specified by the directive.