HON. THOMAS W. WALLACE Executive Director, State Board of Elections
This is in reply to your request for my opinion as to whether or not investigators employed by the State Board of Elections, who have all the powers of peace officers pursuant to Executive Law, § 69, are permitted under existing law to carry weapons.
Executive Law, § 69 authorized the Attorney General to appoint special deputies and investigators for the purpose of enforcing the provisions of the Election Law and the Penal Law relating to crimes against the elective franchise. That section further provided that "Any such special deputy or investigator also shall have all of the powers of a peace officer."
Section 7 of chapter 604 of the Laws of 1974 transferred and assigned all of the functions and powers possessed by, and the obligations and duties of the Attorney General relating to the elective franchise pursuant to Executive Law, § 69 to the State Board of Elections. Special deputies and investigators appointed by the State Board of Elections, therefore, possess all of the powers of peace officers in investigating alleged violations of the elective franchise.
Not all peace officers, however, come within the exemption from unlawful weapons possession offenses granted to certain peace officers by Penal Law, § 265.20. Insofar as is pertinent, that section provides as follows:
"§ 265.20 Exemptions
 "a. Sections 265.01, 265.02, 265.03, 265.04, 265.05, 265.10, 265.15 and 270.05 shall not apply to:
 "1. Possession of any of the weapons, instruments, appliances or substances specified in sections 265.01, 265.03, 265.04, 265.05 and 270.05 by the following:
 "(a) * * * peace officers as defined in subdivision thirty-three of section 1.20 of the criminal procedure law * * *"
Special deputies and investigators appointed by the State Board of Elections are not listed as peace officers in Criminal Procedure Law, § 1.20(33).
The exemption granted to peace officers from unlawful possession of weapons offenses granted by Penal Law, § 265.00 to peace officers as defined in Criminal Procedure Law, § 1.20(33) has been held to apply only to peace officers listed in the latter subdivision and not to peace officers who are granted peace officer status by other statutes. (Aponte v. Department of Investigation of the City of NewYork, 51 A.D.2d 905; Velez v. Sugarman, 75 Misc.2d 746, cf., People v.Cortright, 62 Misc.2d 141; 1972 Atty Gen. [Inf.] 181.) Moreover, since special deputies and investigators appointed by the State Board of Elections are not listed in Criminal Procedure Law, § 1.20(33) as peace officers it must be concluded that the Legislature intentionally omitted to include them therein. "* * * [T]he specific mention of one person or thing implies the exclusion of other persons or things." (McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 240.)
It thus appears special deputies and investigators appointed by the State Board of Elections are not exempt from the weapons possession offenses defined in Penal Law by virtue of the peace officer status granted under Executive Law, § 69 since they are not peace officers as defined in Criminal Procedure Law, § 1.20(33). Special deputies and investigators appointed by the State Board of Elections cannot, therefore, possess weapons without being duly licensed therefor.
When authorized by the Board, special deputies and investigators appointed by the Board could lawfully possess weapons in the performance of their official duties only if they are properly licensed therefor.