OPINION OF THE COURT
Nat H. Hentel, J.
The motion to inspect the Grand Jury minutes having been granted, it is now incumbent upon the court to determine whether either or both of the counts of the indictment should be dismissed. The first count is for conspiracy to commit murder, first degree (Penal Law, § 105.15), and the second count is for criminal possession of a pistol in the second degree (Penal Law, § 265.03).
A review of the Grand Jury minutes by the court reveals that on November 30, 1977, the date of his arrest in Brooklyn, the defendant was a New York City police officer who was on limited assignment and under departmental restriction to prevent him from carrying a firearm. Prior to that date, he had engaged in conversations on several occasions with another individual who was an undercover police officer, although this status was not known to defendant. The sum and substance of these conversations was to the effect that defendant would kill two named people for a price, to accommodate the undercover policeman. On the date of his arrest, defendant had obtained and was carrying a pistol with' an interchangeable barrel in order to make the weapon more difficult to trace, and held himself out to the undercover agent as being ready to carry out the killings later that day in New York County. When defendant was arrested, he was miles away from the place where he was scheduled to carry out the double murder.
Defendant’s motion to dismiss the first count is based upon the premise that it takes two minds with a common corrupt intent in order to commit the crime of conspiracy, and that such was impossible in this case in view of the involvement of an undercover policeman (People v Bauer, 32 AD2d 463, 466; People v Mackell, 47 AD2d 209, 213). In any event, section 110.00 of the Penal Law states that any crime enumer *394 ated in the Penal Law may be attempted: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” Assuming arguendo that it may be impossible to conspire to commit murder with another who does not possess the same corrupt intent, nevertheless, the lesser included offense under the first count of attempted conspiracy to commit murder would lie because section 110.10 of the Penal Law states as follows: "If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such an attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.” (Emphasis supplied.) And, since an attempt to conspire to commit murder is a lesser included offense under this count of the indictment, defendant is not entitled to a dismissal of this count (CPL 210.20, subd 1, par [b]; People v Frisbie, 40 AD2d 334).
In his Practice Commentaries, Arnold D. Hechtman eliminates all possible doubt as to the legislative intent of section 110.10 of the Penal Law. Following a disciission of the prior distinction between factual and legal impossibility, he states: "If such was the law this section (Penal Law § 110.10) changes it by equally rejecting both brands of impossibility as a defense upon the theory that neither detracts from the offender’s culpability.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 110.10, p 320.)
It may be argued that an attempt would not lie, even in this case, because the ability of defendant to commit the alleged crime was not imminent and momentarily capable of commission since defendant was in Kings County, miles away from the predetermined murder scene in New York County, when he was arrested. However, conspiracy is an inchoate crime, committed when two or more persons agree to commit a crime, and have the common intent to commit the crime, despite the immediate capability of its commission. Thus, an attempt to conspire to commit murder may be sustained where an overt act in furtherance of the conspiracy was completed despite imminence of actual commission (see People v Leichtweis, 59 AD2d 383, 387).
More importantly, the court must consider the effect of *395 section 105.30 of the Penal law, which provides that: "It is no defense to a prosecution for a conspiracy that, owing to * * * factors precluding the mental state required for the commission of conspiracy or the object crime, one or more of the defendant’s co-conspirators could not be guilty of conspiracy or the object crime.” (People v Cardosanto, 84 Misc 2d 275, 276.)
With respect to the second count, defendant contends that as a peace officer he is exempt from the restrictions of section 265.03 of the Penal Law. Not so! Of course, a peace officer may carry a weapon in furtherance of his lawful duties. It cannot be thought, however, by any conceivable stretch of the imagination that a peace officer may carry a weapon for an unlawful purpose which would be outside the scope of his employment. Here, defendant’s superiors had decided that he was not eligible to carry a firearm, and thus divested defendant of that immunity granted to peace officers under section 265.20 of the Penal Law (see People v Pianto, 220 App Div 333).
"The statute requiring licensing does not apply to a police officer who nevertheless has no absolute right to carry a revolver or firearms. The rules and regulations of the department govern the conduct of the correction officer as a peace officer, and he must yield to the conditions of his employment.” (Anemone v Kross, 23 Misc 2d 186, 187.)
In Figaro v Ward (86 Misc 2d 530, 532), the court held: "Where a person is seeking to take advantage of a statutory exemption granted to him because of the nature of his employment, i.e., in this case, peace officer, he cannot complain when the scope of exemption is limited by a regulation of his employer provided that the regulation is not arbitrary and capricious.”
There is a further line of cases which indicates that the statutory exemption in section 265.20 (subd a, par 1, cl [a]) of the Penal Law does not create a vested right in the defendant to possess or carry firearms without a license. (Matter of Salata v Tolman, 38 AD2d 991; Triborough Bridge & Tunnel Auth. Sergeants & Lieutenants Benevolent Assn. v Cawley, 76 Misc 2d 930; Anemone v Kross, 23 Misc 2d 186, supra.) When defendant offered to commit murder and to obtain, and in fact did obtain, a weapon with the intent to commit an unlawful act, he took himself outside of the shield of exemption enjoyed by police officers.
The testimony presented before the Grand Jury convinces *396 the court that it is sufficient to sustain both counts of the indictment, and would sustain a conviction if the said testimony were not controverted at trial.
Accordingly, the motion is denied with respect to the dismissal sought for both counts.