OPINION OF THE COURT
Robert M. Haft, J.
Defendant stands indicted for the crime of criminal possession of a weapon in the third degree. He moves this court to dismiss the indictment claiming exemption from prosecution as a “peace officer” by operation of section 265.20 of the Penal Law.
The defendant was arrested pursuant to an automobile stop and allegedly found in possession of a pistol. At the time of his arrest in New York County, he was employed as a part-time Deputy Sheriff in Orange County. Defendant argues that as a duly sworn Deputy Sheriff, he is immune from prosecution under section 265.20 of the Penal Law which provides an exemption for “peace officers”.
“Peace officers” are defined in CPL 1.20 (subd 33) to include “police officers”. “Police officiers” are, in turn, defined in subdivision 34 of that section to include: “(b) Sheriffs, under-sheriffs and deputy sheriffs of counties outside of New York City”.
Defendant was specifically appointed as a “part time *587 deputy sheriff”. Does that position fall within the statutory exception? Although no case has been found directly addressing this issue, it would certainly appear that it does not.
It is the County Law (§ 650 et seq.) which deals with the powers and duties of the office of Sheriff. Section 652 provides that the Sheriff .shall appoint an undersheriff and any such “regular deputy sheriffs” as he deems proper. But part-time Deputy Sheriffs are appointed pursuant to a different section which deals only with them and provides in pertinent part:
§ 653. Part time deputy sheriffs. * * *
“[T]he sheriff may employ such number of part time deputies, as he may deem necessary, who shall be paid a salary or on a per diem basis * * *. Such deputies * * * shall perform only those duties and powers authorized by such sheriff.”
Not only are the words “part time” reflected in the statutory title and the powers and duties of the post sharply delimited, but there is no corresponding limitation of powers and duties in the section covering regular Deputy Sheriffs. Thus, the statutory exemption, which refers to a specific class (undersheriffs and Deputy Sheriffs), is coupled with a statutory scheme legally differentiating the defendant’s status (part-time Deputy Sheriff) from that of a regular Deputy Sheriff. The rules of statutory construction provide that “where the Legislature enacts a specific provision directed at a particular class, and a more general provision in the same statute which might appear to encompass that class, the specific provision will be applied” (People v Marrero, 71 AD2d 346, 349-350). That the Legislature did intend to make a distinction was found by the court in People v Terwilliger (172 Misc 70). That court held that a “special deputy sheriff” (appointed pursuant to another section of the County Law — former section 182-a) was not to be considered a peace officer and was liable for possession of a firearm in violation of the criminal law. The same reasoning applies here; the Legislature easily could have specifically exempted special (or part-time) deputies, if it so intended.
*588 Nor, is an over broad interpretation of the exemption contained in section 265.20 of the Penal Law justified. It has been held that the statutory exemption does not create a vested right in those named therein to possess or carry firearms without a license (Matter of Salata v Tolman, 38 AD2d 991; Triborough Bridge & Tunnel Auth. Sergeants & Lieutenants Benevolent Assn. v Cawley, 76 Misc 2d 930). In fact, the scope of the exemption can be properly limited by a regulation of an employer provided the regulation is not arbitrary and capricious (Figaro v Ward, 86 Misc 2d 530). Here, the limitation is not merely an administrative regulation but provided for in the enabling statute itself.
As a part-time Deputy Sheriff, defendant Smith worked as a fill-in for a regular employee if he were unavailable. Smith received an hourly wage, not a regular salary, was not eligible for regular employee’s benefits (health insurance and the like) and most importantly was not authorized by the Sheriff to carry a gun even in connection with his official duties. Smith was assigned as a correction officer— his task was to guard prisoners at two locations, neither of which permitted guns. Even were Smith specifically authorized to possess a gun in connection with his official duties, that possession would not necessarily be lawful if Smith were not engaged in those duties. He was arrested in this incident while off duty. Our Appellate Division has stated: “We think that in general the fair meaning and application [of the statutory exemption] which provides that certain sections * * * shall not apply to possession ‘by a person to whom a [limited] license therefor has been issued’ * * * is that that exemption relates to a weapon carried within the limitations and conditions of the license issued * * * and not to possession of a weapon carried in violation of those limitations and conditions” (People v Parker, 70 AD2d 387, 389). See, also, People v Di Dominick (94 Misc 2d 392), where defendant, although a New York City police officer (but on limited assignment and restricted from carrying a gun) was held not to be exempt from criminal responsibility for the possession of a weapon.
Because the statute itself creates no exemption for a “part time” Deputy Sheriff, because he was not authorized by his *589 employer, the Sheriff, to carry a weapon and because he allegedly possessed the weapon while not engaged in any official duties, the defendant is not exempt from prosecution.
Accordingly, the defendant’s motion to dismiss the indictment is denied.