Honorable Thomas J. Callanan State Director Divison of Probation
You have asked several questions about the powers of probation officers as peace officers in light of chapter 843 of the Laws of 1980, the "Unified Peace Officer Law".
You state that probation officers have responsibility primarily in the areas of intake, investigation and supervision. Of these responsibilities you believe that only the duties of supervision are in the field of criminal law enforcement. You ask whether probation officers possess peace officer status generally, only during the performance of the duties of their office, or limited to the times when they exercise criminal law enforcement duties.
Chapter 843 is the culmination of many years of study, commencing in earnest with the Law Revision Commission's 1976 report to the Legislature (Recommendation of the Law Revision Commission to the 1976 Legislature, McKinney's 1976 Session Laws, pp 2250-2282, 1976 Legislative Document No. 65[1], hereafter "Report"). It is a comprehensive act that in part consolidates peace officer designations in the laws of the State into section 2.10 of the Criminal Procedure Law, establishes the powers of peace officers (id., § 2.20), and prescribes training requirements for all peace officers.
Section 2.10 is the list of those persons possessing the status and powers of peace officers. In a minority of the designations, peace officer status and the powers that flow from that status are granted only when the officers act "pursuant to their special duties" or when acting under specific statutory authorization (id., § 2.10 [8], [15], [26], [27], [30], [34], [41], [43], [44] and [47]). Probation officers are designated as peace officers without qualification (id., § 2.10[24]). Thus, under the statutory scheme, probation officers possess peace officer status at all times. This does not mean, however, that probation officers possess all peace officer powers at all times. The powers of peace officers have been keyed, more narrowly and clearly than before, to acting pursuant to the special duties of his or her office (Bellacosa, Practice Commentary, McKinney's Criminal Procedure Law, § 2.20, p 29).
With the exception of certain arrests and the prevention of escapes, the exercise of peace officer powers is limited to those times when the officers are acting "pursuant to their special duties" (Criminal Procedure Law, § 2.20). A peace officer "acts pursuant to his special duties when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special or local law or charter, rule, regulation, judgment or order" (ibid.). Therefore, only when the defined duties of the particular office — for example, by statute or reasonable rule of the employer — authorize or require the exercise of the powers of peace officers, may the peace officer exercise those powers. The scope of a peace officer's powers to arrest without a warrant is determined by whether or not he is acting pursuant to his special duties (id., § 140.25). When a peace officer acts pursuant to his special duties, his arrest powers for crimes and offenses are as broad as those of police officers (compare, id., §§ 140.10[1] with 140.25[1]). At other times his powers are more limited (id., § 140.25[3], [4]). We conclude that with the exception of certain arrests and the prevention of escape, a peace officer may exercise peace officer powers only when consistent with the duties of his particular employment. In the case of probation officers, whose duties change from time to time, it is conceivable that the scope of their peace officer powers will change in like fashion.
You have cited statutes that grant specific powers to peace officers when acting pursuant to their special duties (see, for example, Family Court Act, §§ 153-b, 718[a], [b]). Since these statutes speak in terms of "peace officers" generally, rather than designating particular groups, you inquire whether probation officers can exercise the powers granted by these statutes. Chapter 843 of the Laws of 1980 added to many of these statutes the limitation that the peace officer may exercise the power granted only when acting pursuant to his special duties (see, for example, L 1980, ch 843, § 210, which amended Family Court Act, § 718[a], [b]). We believe the intent of this language is that the peace officer may exercise the powers granted only when consistent with the duties of his particular office (Criminal Procedure Law, §2.30[9], [last paragraph]). This was a recommendation of the Report (id., pp 2253-2254).
You ask whether the employer of a peace officer may prohibit off-duty possession and use of a firearm, regulate the type of firearm possessed while off duty or require special training to qualify for off-duty possession. Under the provisions of the Penal Law, peace officers are exempt from prosecution for the various crimes involving criminal possession of weapons (Penal Law, § 265.20[a][1][c]). They attain this exemption by reason of their employment as peace officers designated by section 2.10 of the Criminal Procedure Law. Even prior to the adoption of chapter 843 of the Laws of 1980, this exemption was not viewed as immunizing peace officers from restriction on their use of weapons by their employers. Employer rules prohibiting the on-duty possession of a firearm and restricting on-duty possession to those who had qualified at the practice range have been upheld (Salato vTolman, 38 A.D.2d 991 [3d Dept, 1972]; Anemore v Kross, 23 Misc.2d 186
[Sup Ct, Spec Term, New York Co, 1960]). It was found that peace officers have no absolute right to carry a firearm and are bound by rules and regulations of the employer (ibid.). Also upheld were employer regulations specifying the type of firearms and ammunition authorized for off-duty possession (Figaro v Ward, 86 Misc.2d 530 [Sup Ct, Spec Term, Albany Co, 1976]). See, also, Triborough Bridge and Tunnel Authority vCawley, 76 Misc.2d 930 (Sup Ct, N Y City, 1974).
Chapter 843 of the Laws of 1980 further eroded the contention that peace officers, through section 265.20(a)(1)(c) of the Penal Law, have an absolute right to carry firearms. Many of the peace officer designations contain the proviso that "nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law" (see e.g., Criminal Procedure Law, § 2.10[8], [10], [12], [13], [14], [15], [16]). These peace officers may not carry a weapon while on or off duty, unless they obtain a license under section 400.00 of the Penal Law. Further, it is now expressly recognized that the employer has the discretion to determine whether a peace officer may carry or use a weapon during any phase of the officer's official duties constituting on-duty employment (id., § 2.30[1][c]). Peace officers who are authorized to carry weapons must receive, as part of their mandatory training, the same number of hours of instruction in deadly physical force and the use of firearms and other weapons as is required in the basic training program for police officers (ibid.). These peace officers must annually receive training in the use of weapons as approved by the Municipal Police Training Council in the Division of Criminal Justice Services (ibid.).
Accordingly, we believe that an employer may decide whether and under what conditions a peace officer may carry or use a weapon while on duty (ibid.). If use of a weapon on duty is not authorized and no training is given, off-duty use because of peace officer status seems precluded. Unless prohibited by the rules or regulations of the employer, when a peace officer is authorized to carry weapons on duty we believe that he or she may carry them off duty without licensure. But this privilege is not without restriction. In our view, an employer may prohibit the use of weapons off duty, regulate the type of weapons carried off duty, and adopt additional rules governing off-duty weapons possession provided that the rules are not inconsistent with the duties of the particular peace officers (Figaro v Ward, supra). Restrictions on the off-duty possession of firearms should be established formally, and preferably should reflect an evaluation of the powers and duties of the particular peace officers and their specific needs, if any, to possess a firearm while off duty. The courts have recognized that the Penal Law weapons exemption does not create a vested right for a peace officer to carry a weapon and that the scope of the exemption may be limited by a reasonable rule of an employer restricting off-duty possession (ibid., Salato vTolman, supra).
We conclude that probation officers possess peace officer status at all times. Most peace officer powers may be exercised only when the officer is acting pursuant to his special duties. If authorized by his employer, a peace officer may carry a weapon while on duty. But so authorized, a peace officer must receive the same number of hours of training in the use of firearms as is required for police officers. A peace officer authorized to carry weapons while on duty may carry them off duty, absent employer rules or orders prohibiting the carrying of a weapon while off duty.