Requestor: Hon. Matthew T. Crosson, Chief Administrator of the Courts Office of Court Administration 270 Broadway New York, New York 10007
Written by: Robert Abrams, Attorney General
Your counsel has informed us that you are in the process of establishing guidelines regulating off-duty employment of peace officers employed in the Unified Court System. You wish to include among these guidelines advice as to whether, and under what circumstances, the State is relieved of its obligation to defend and indemnify employees who exercise peace officer powers during the course of their off-duty employment.
Peace officers are officials in positions designated by the Legislature who, following special training,* are empowered to perform a variety of law enforcement tasks while both on and off duty. Criminal Procedure Law, § 2.10(21) includes among those designated as peace officers:
 "a. Uniformed court officers of the unified court system.
 b. Court clerks of the unified court system in the first and second departments.
 c. Marshall, deputy marshall, clerk or uniformed court officer of a district court.
 (d) Marshalls or deputy marshalls of a of city court. . .".
To insulate peace officers from liability, including liability arising out of exercise of off-duty law enforcement authority, the Legislature added subsection 3 to CPL, § 2.20 (L 1985, ch 722):
 "A peace officer, whether or not acting pursuant to his special duties, who lawfully exercises any of the powers conferred upon him pursuant to [CPL, § 2.20(1)], shall be deemed to be acting within the scope of his public employment for purposes of defense and indemnification rights and benefits that he may be otherwise entitled to under the provisions of section fifty-k of the general municipal law, section seventeen or eighteen of the public officers law, or any other applicable section of law".
Your question is whether an employment relationship between an off-duty peace officer and a private organization or individual takes the peace officer outside the coverage of section 2.20(3).
This issue is analogous to others addressed by this office in the past. In one instance, we considered whether a city was responsible, under section 207-c of the General Municipal Law, for payment of salary or medical expenses to a police officer injured in the course of off-duty employment as a security guard for a private employer (1981 Op Atty Gen [Inf] 173). In that case, recognizing that a police officer's powers and responsibility to protect lives and property continue during off-duty hours, we nevertheless opined that the special-. benefits of section 207-c were not applicable for injuries incurred while the police officer was protecting the interests of his private employer.
 "The fact that the job of security guard encompasses the apprehension and arrest of individuals who are attempting to commit a crime against the private employer's interests does not mean that a police officer is `performing his duties' within the meaning of section 207-c" (ibid.).
For similar reasons, we subsequently issued our opinion that regional park-police officers, employed as security guards in State parks by private organizations or individuals, are not entitled to representation and indemnification by the State under Public officers Law, § 17
(1981 Op Atty Gen 26).
In each of these cases, we noted that situations could arise where the State's or municipality's responsibilities would not be foreclosed by private employment:
 "[I]f a police officer while working as a security guard spots an individual known to be subject to arrest under a warrant and is injured while arresting the individual, section 207-c might apply. If the person arrested was not interfering with the rights of the private employer at the time of arrest, the police officer would not be fulfilling his obligations as a security guard but would be performing his duties as a police officer even though he was off duty" (1981 Op Atty Gen [Inf] 173, 175 fn; emphasis added; see also, 1981 Op Atty Gen 26, 27 fn).
Upon review of the language and legislative history of L 1985, ch 722, we believe that similar considerations should apply to the off-duty activities of all peace officers. That is, defense and indemnification under section 2.20(3) will be proper only where the peace officer's actions do not arise from their responsibilities to their private employer, and are otherwise a lawful exercise of the peace officer's powers. In addition, of course, the peace officer must be "otherwise entitled" to defense and indemnification under section 50-h of the General Municipal Law, or section 17 or 18 of the Public Officers Law.
We recognize that this analysis will not always afford easy resolution to the myriad of situations in which peace officers may be involved in the course of their off-duty activities. Especially in cases where peace officers are empowered to carry weapons while off-duty, cases may arise which resist simple classification as peace officer exercises or private acts. See, e.g., Collins v City of New York, 7 N.Y.2d 822 (1959) (city liable for negligent act of off-duty police officer carrying weapon under authorization of Police Regulations); Hacker v City of New York,26 A.D.2d 400 (1st Dept, 1966) (city not liable where contradictory facts fail to prove act was committed within scope of employment); 1978 Op Atty Gen (Inf) 311 (city may be liable for tortious conduct of police officer engaged in off-duty employment). In light of this potential confusion, further clarification and regulation of off-duty employment may be advisable.
We have elsewhere addressed the power of an employer to restrict the use of weapons by off-duty peace officers (1982 Op Atty Gen 36). At that time we stated:
 "In our view, an employer may prohibit the use of weapons off duty, regulate the type of weapons carried off duty, and adopt additional rules governing off-duty weapons possession provided that the rules are not inconsistent with the duties of the particular peace officers (Figaro v Ward, [86 Misc 2d 530 (Sup Ct, Monroe Co., 1976)]). Restrictions on the off-duty possession of firearms should be established formally, and preferably should reflect an evaluation of the powers and duties of the particular peace officers and their specific needs, if any, to possess a firearm while off duty. The courts have recognized that the Penal Law weapons exemption does not create a vested right for a peace officer to carry a weapon and that the scope of the exemption may be limited by a reasonable rule of an employer restricting off-duty possession (ibid.; Salato v Tolman [38 A.D.2d 991 (3d Dept, 1972)])."
Addressing the issue of off-duty employment more broadly, we believe that regulations worthy of consideration might include, among others: (1) limitations of the right of peace officers to carry weapons while engaged in off-duty employment; (2) limitations in the use of court equipment or clothing during off-duty employment; and (3) consistent with this opinion, rules dealing with defense and indemnification in furtherance of the employer's interest relating to acts arising out of exercises of peace officer power during off-duty employment.
The legislative history of the 1985 amendment to the Criminal Procedure Law gives tacit recognition to employer rules in the third category in its description of the public benefits flowing from the proposal (Bill Jacket, L 1985, ch 722, Assembly Sponsor's Memorandum in Support of Legislation).
 "Maximum public protection is achieved by allowing these officers to act in a manner consistent with their training".
Thus, with the extension of employer defense and indemnification to the lawful exercise of off-duty powers, it was envisioned that peace officers would act only consistent with their specialized training. The legislative history of the 1985 amendment is permeated by cautionary references to the limited and specialized training of peace officers as compared to police officers (Bill Jacket, L 1985, ch 722, July 22, 1985 Memorandum to Gerald C. Crotty, Counsel to the Governor from Linda J. Valenti, General Counsel, New York State Division of Probation and Correctional Alternatives; June 27, 1985 Letter to Gerald C. Crotty from Judith LaPook, Deputy Commissioner and Counsel, New York State Department of Correctional Services; July 23, 1985 Memorandum to the Governor from Robert Abrams, Attorney General; July 11, 1985 Memorandum to Gerald C. Crotty from J.M. Cohen, Counsel, New York State Division of Criminal Justice Services; July 11, 1985 Letter to the Governor from Edward I. Koch, Mayor, City of New York). Throughout, there is recognition of the interest of employers to limit off-duty exercise of law enforcement authority to actions consistent with training and preparation of the particular peace officer (ibid.). We believe that employers of peace officers, consistent with legislative intent, may establish rules or guidelines in furtherance of these interests. off-duty activity and attendant employer liability can be appropriately limited.
We conclude that peace officers who are privately employed while off duty are not entitled to representation and indemnification under Criminal Procedure Law, § 2.20(3) unless their acts do not. arise from their responsibilities to private employers, and are in all other respects a lawful exercise of peace officer powers.
* The training requirements of peace officers are detailed in CPL, § 2.30.