*962 OPINION OF THE COURT
Donald N. Silverman, J.
Motion by defendant pursuant to CPLR 3211 dismissing the complaint is denied and cross motion by plaintiff for summary judgment is granted.
The individual plaintiff, Michael Schwartz, is employed as a correction officer by defendant. He currently possesses a valid New York State pistol permit in accordance with Penal Law § 400.00 (6). As authorized by said permit, plaintiff owns and possesses a nine millimeter semiautomatic pistol. Plaintiff has been on leave from his job as a correction officer since April 1, 1993, pursuant to General Municipal Law § 207-c. Consequently, he has not requalified himself under a firearms policy promulgated by his employer, defendants herein. This policy requires employees to annually qualify under a firearms training course in accordance with CPL 2.30. Failure to comply with the policy may result in the loss of weapons carrying privileges and/or formal disciplinary action.
Having failed to requalify, plaintiff Schwartz was ordered by his superior to surrender his firearm. He refused, and an administrative disciplinary action ensued. The matter was taken before an arbitrator. The arbitrator reserved rendering a final decision, finding he was without authority to address the issue of whether the firearms policy was in conflict with Penal Law § 400.00 (6). The matter is now before this court for a declaratory ruling on whether the firearms policy is in conflict with Penal Law § 400.00.
In order to lawfully use or possess a pistol or revolver, a person must have a valid permit issued in accordance with Penal Law § 400.00. However, an exemption from this requirement is contained in Penal Law § 265.20 for peace officers. Under CPL 1.20 (33) and 2.10, correction officers are defined as peace officers. This statutory exemption allows a correction officer to legally possess a pistol or revolver without the need for a permit under Penal Law § 400.00 (see, Figaro v Ward, 86 Misc 2d 530 [Sup Ct, Albany County 1976]; see also, People v Epperson, 137 Misc 2d 146 [Sup Ct, NY County 1987]; People v Smith, 105 Misc 2d 586 [Sup Ct, NY County 1980]).
The case law referred to above concerns peace officers who possess firearms solely under the statutory exemption. This matter, however, is factually distinct since plaintiff Schwartz has a valid pistol permit under Penal Law § 400.00. Allowing defendants to demand the surrender of a firearm used only off *963 duty, and outside the scope of employment, which is validly possessed under an independent provision of law, would pointlessly undermine plaintiffs rights. Administrative discipline would impose a penalty upon plaintiff for an otherwise legal act.
While defendant’s firearms policy may properly set forth conditions and regulations for weapons possessed in accordance with licensing exemptions granted peace officers, there is no rational reason to deny peace officers rights and privileges accorded all other persons not carrying that status.
The firearms policy of defendant is invalid to the extent it bars ownership of a firearm for which a valid permit has been issued under Penal Law § 400.00, and which is not used in the scope of employment. Plaintiffs cross motion for summary judgment is therefore granted.