■ In the Matter of JOSEPH G. WILLIAMS, Respondent, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Appellants. [656 NYS2d 626] —Order, Supreme Court, New York County (Louis York, J.), entered on or about September 7, 1995, which annulled the determination of the New York City Police Commissioner denying petitioner's application for a "carry" pistol license, unanimously reversed, on the law, without costs or disbursements, the petition dismissed and the determination confirmed.

In April 1994, petitioner, an attorney with a real estate and estates practice, applied for a carry pistol license. Citing petitioner's 1985 arrest for reckless endangerment and discharging a firearm and the circumstances of that arrest, as well as the absence of documentation to support petitioner's claim of substantial cash flow or frequent cash deposits, the police officer investigating petitioner's application recommended disapproval. The application was subsequently disapproved, for the reason that "[d]ocumentation submitted does not support * * * [s]ubstantial cash on hand [or f]requent cash deposits" and for an "OTHER", unspecified, reason. After petitioner's

administrative appeal was denied, he commenced this CPLR article 78 proceeding challenging respondents' determination. The IAS Court granted the petition and directed the Police Commissioner to issue the permit, noting that petitioner had "once before" been granted a permit, which was revoked only after his arrest on charges, which had thereafter been dismissed.

The issuance of a license to carry a gun is a privilege, not a right. (*Sewell v City of New York*, 182 AD2d 469, 472, *lv denied* 80 NY2d 756.) An applicant for such a license must show that " 'proper cause' " for its issuance has been established. (*Matter of Bernstein v Police Dept.*, 85 AD2d 574; *see also*, Penal Law § 400.00.) To establish " 'proper cause,' " an applicant must, *inter alia*, "sufficiently demonstrate a special need for self-protection distinguishable from that of the general community or of persons engaged in the same profession." (*Matter of Klenosky v New York City Police Dept.*, 75 AD2d 793, *affd* 53 NY2d 685.)

As the record shows, the Police Commissioner's denial of petitioner's application was neither arbitrary and capricious nor an abuse of discretion. In his 1994 application, petitioner claimed that he is "required to handle large sums of cash in closing situations" and to "take custody of certified checks for large sums of money as part of settling estates and for deposit into heirs['] accounts." While at the administrative level, prior to the Police Department interview, petitioner was asked to submit daily deposit slips and copies of bank statements for the past six months to substantiate his claim of carrying large sums of cash in connection with his law practice, the only documentation produced which lent support to the claim were two certified checks and a bank check, totalling less than $74,000 and involving one estate. As noted, the Police Department investigator, after reviewing petitioner's submission, found that the documentation produced pursuant to request demonstrated a "low cash flow." Petitioner did not then nor does he now in this proceeding submit any documentation indicating, as he claims, that he regularly transports expensive jewelry or substantial amounts of cash for deposit. Thus, petitioner has failed to demonstrate that respondents' determination that his documentation was insufficient was arbitrary, capricious or an abuse of discretion (*see, e.g., Matter of Tartaglia v Kelly*, 215 AD2d 166; *Sewell v City of New York*, 182 AD2d, *supra*, at 473) and, consequently, that he has a special need, distinct from other attorneys whose specialty is real estate and estate practice, to carry a pistol (*Matter of Klenosky*

*v New York City Police Dept.*, 75 AD2d, *supra,* at 793). In addition, the circumstances underlying petitioner's 1985 arrest for discharging his firearm, as the Police Department found, cast doubt on his fitness to possess a concealed weapon.

Finally, we note that petitioner's alternate basis for relief, i.e., reinstatement of his previously granted carry pistol license, subsequently cancelled, or a departmental hearing on his 1986 request for reinstatement is barred, at the very least, by the doctrine of laches. Concur—Sullivan, J. P., Wallach, Williams and Tom, JJ.