Michael A. Polozie, Esq. Informal Opinion No. 99-25 Town Attorney Town of Irondequoit 39 State Street, Suite 700 Rochester, N Y 14614
Dear Mr. Polozie:
You have asked whether the Town of Irondequoit may prohibit employees with firearm licenses from possessing firearms during their public employment. The employees are not police officers or peace officers. You informed us that the employees have "full carry" licenses.
The issuance of a license to carry a firearm is a privilege, not a right. Williams v. Bratton, 238 A.D.2d 269 (1st Dept 1997). An applicant must meet statutory requirements to qualify for a license. Id.
There are several categories of licenses to possess firearms. The term "full carry" is not used in the statute. Penal Law § 400.00(2). The Town employees possess licenses under the authorization to "have [firearms] and carry [them] concealed, without regard to employment or place of possession, . . . when proper cause exists for the issuance thereof." Id., § 400.00(2)(f). Therefore, a license in this category may be issued only upon a showing of "proper cause" (hereafter "proper cause license"). Generally, other categories include issuance of licenses to possess a firearm in a dwelling; in a place of business; and during certain employment. Id., § 400.00(2).
We note that issuance of a "proper cause license" is subject to limitation. O'Connor v. Scarpino, 83 N.Y.2d 919 (1994). A licensing officer may condition licensure and, therefore, possession of the firearm upon the specific "proper cause," such as licensure for hunting and target practice. Id. Therefore, under section 400.00(2) of the Penal Law, a "proper cause license" does not establish a right for the licensee to possess the firearm at all times.
Possession of a firearm is a crime under section 265.01(1) of the Penal Law. A licensee possessing a firearm in accordance with the conditions of licensure is exempt from the charge of criminal possession of a firearm. Penal Law § 265.20(a)(3). Police officers, peace officers (some peace officers are required to be licensed [Criminal Procedure Law §2.10]) and others are also exempt. Id., § 265.20.
While State law exempts licensees from the charge of criminal possession of firearms, no State law establishes a right for persons with "proper cause licenses" to possess firearms at all times. In our view, the Town may prohibit employees with "proper cause licenses" from possessing firearms while on duty. In a prior opinion of this office, we concluded that a village, in its proprietary capacity, may prohibit a person with a "proper cause license" from entering the village hall in possession of a firearm. Op Atty Gen (Inf) No. 89-75. The village, in enacting the above regulation, acted in its proprietary capacity to safeguard property and persons. Id. Like any private individual, a municipality can prohibit a person from entering its property in possession of a firearm even if that person has a "proper cause license." Id. We found that such a regulation would not violate section 400.00(6) of the Penal Law, which prohibits a municipality from regulating the licensing of firearms. Id.
Employer rules prohibiting on-duty possession of a firearm by an employee with peace officer status also have been upheld. Salata v. Tolman,38 A.D.2d 991 (3d Dept 1972); Op Atty Gen No. 82?F18. Peace officers, like licensees, are exempt from criminal penalties for possession of firearms (Penal Law § 265.20[a][1][c]) but have no absolute right to carry firearms and are bound by rules and regulations established by their employers. Id.
 [T]his exemption cannot be construed as creating a vested right [to carry a firearm]. As employees . . . they are subject to and must abide by the rules and regulations resulting from the exercise of discretion . . . [by their employer]. [Citations omitted.] A rule regulating the carrying of firearms while on duty is a proper and lawful exercise of the authority of respondents. Salata v. Tolman, supra, 38 A.D.2d 991.
We conclude that a municipality may prohibit its employees from carrying firearms while on duty.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions