OPINION OF THE COURT
Edward H. Lehner, J.
The principal issue before me on the motion and cross motion for summary judgment is whether the provisions of Penal Law § 400.00, relating to the licensing of firearms, prohibit the *430 defendant public authority from enforcing upon its employees its own restrictions on the ownership of such weapons.
Plaintiff seeks (i) a judgment declaring that the Firearms Policy of defendant Triborough Bridge and Tunnel Authority (TBTA) violates State law to the extent that it seeks to regulate employee-owned firearms which are possessed pursuant to a valid State permit, and (ii) an injunction against any further disciplinary proceedings against him based on violation of the agency’s policy.
Plaintiff began working for the TBTA in 1981 in its uniformed force, which patrols its bridge and tunnel facilities. Of the total of nine firearms in possession of plaintiff in May 1998, two were authorized duty weapons, with the remaining seven registered with the agency as recreational and competition shooting guns. That month plaintiff obtained a New York State pistol license in Orange County pursuant to section 400.00 of the Penal Law for the seven recreational firearms.
On November 23, 1998, in accord with the policy rule that all firearms possessed by a TBTA employee must annually be qualified, plaintiff presented the nine firearms to the TBTA for inspection. On March 30, 1999, plaintiff underwent surgery for a neck injury suffered in an off-duty automobile accident. He then went on leave for more than 30 days.
The defendant’s Firearms Policy requires that employees absent for more than 30 days surrender any weapons held to the TBTA. Plaintiff, on his 13th day of sick leave, surrendered his two duty weapons. Soon thereafter, the TBTA demanded that he also surrender the recreational weapons by May 5, 1999. On May 3, 1999, plaintiff sold five of the guns to a licensed gun dealer and had his State permit amended to delete those guns from his license. Plaintiff surrendered the remaining two guns to the TBTA on May 5, 1999. Thereafter, plaintiff was charged with violating the Firearms Policy by reason of his failure to timely surrender the recreational weapons.
The TBTA Firearms Policy states that:
“the authority may revoke the authorization to possess such other firearms or may limit the number of other firearms possessed. Such other firearms may not be carried on the employees’ person nor can those firearms be used as a service or off-duty firearm.” (|f 4 [H].)
“Nothing contained in this policy shall be deemed to limit the Authority’s right to otherwise regulate the possession, use or safeguarding of firearms nor *431 be construed to confer a right in any employee to possess a firearm.” (§ 3 [H].)
“Except as provided in this policy an employee shall be prohibited from carrying or possessing any firearm.” (§ 7 [F].)
Penal Law § 400.00 authorizes the issuance of a license to possess firearms. Subdivision (6) thereof states that “[a]ny license issued pursuant to this section shall be valid notwithstanding the provisions of any local law or ordinance.” The TBTA Firearms Policy does not constitute a local law or ordinance within the meaning of that statutory provision. Rather, it is an internal personnel policy that governs the possession of firearms by agency employees who, by reason of such employment, are peace officers. These regulations are rational. Under CPL 2.20, a peace officer has the authority to make warrantless arrests and searches and to use physical or deadly force in making an arrest, on or off duty, and the TBTA may be held liable for a peace officer’s action off duty under concepts of respondeat superior. (Frazier v State of New York, 64 NY2d 802, 803 [1985].)
Accordingly, I find that the agency’s compelling interest in regulating its employees’ firearm use justifies regulation of gun ownership of its officers and that subdivision (6) of Penal Law § 400.00 does not bar the agency from so regulating its employees’ possession of firearms.
To the extent the court in Westchester County Correction Officers Benevolent Assn. v Westchester County Dept. of Correction (166 Misc 2d 961 [Sup Ct, Westchester County 1995]) came to a different conclusion with respect to the authority of a governmental employer to regulate weapons possessed under a license issued pursuant to Penal Law § 400.00, I decline to follow the conclusion reached in that case.
Accordingly, for the foregoing reasons, defendant’s motion for summary judgment is granted and it is declared that the Firearms Policy of the TBTA, to the extent that it seeks to regulate the possession by its employees of firearms licensed pursuant to a valid State permit, is binding upon its personnel and is not in conflict with section 400.00 (6) of the Penal Law. Therefore, plaintiff’s motion for summary judgment and his request for an injunction are denied and the complaint is dismissed. Although the court does not deem it appropriate on this motion to prohibit the TBTA from prosecuting a disciplinary proceeding, it would seem, in light of the uncertainty on the issue of authority of the TBTA to regulate the possession of *432 weapons possessed pursuant to a license issued under Penal Law § 400.00, that disciplinary action against plaintiff is inappropriate under the facts set forth herein.